**Betty CAUSBY, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 81–1746–15.**

United States District Court,
D. South Carolina,
Columbia Division.

June 4, 1982.

A. S. Bahnmuller, Sumter, S. C., for plaintiff.

Richard M. Kennedy, Jr., Columbia, S. C., for defendant.

## ORDER

HAMILTON, District Judge.

This case involves a claim made by the plaintiff for payment under a homeowner's insurance policy resulting from fire damage to her residence. Defendant, Allstate, has refused payment on the policy, asserting as defenses to liability: arson, increase of the hazard by the insured, and intentional

concealment and misrepresentation. Plaintiff seeks punitive damages in this action, alleging that defendant's refusal to pay her claim was made in bad faith.

Defendant now moves to dismiss plaintiff's claim for punitive damages on the ground that even if such a bad faith refusal could be proven, South Carolina would not recognize a recovery of punitive damages in such a case. Parties have extensively briefed the applicable law and now submit the motion to the court on the briefs. Plaintiff strongly urges this court to adopt a rule of law accepted in only a few jurisdictions and analogous to the ruling of United States District Judge Sol Blatt, Jr., in *Robertsen v. State Farm Mutual Automobile Ins. Co.,* 464 F.Supp. 876 (D.S.C. 1979). Defendant would have the court follow the ruling of Judge Robert F. Chapman, then United States District Judge, in the more recent case of *Wilkie v. Home Security Life Ins., Co.,* 514 F.Supp. 896 (D.S.C. 1981). After reviewing the *Robertsen* and *Wilkie* decisions, Chapter 9, Title 38 of the South Carolina Code of Laws (1976) and Annotation, 47 A.L.R.3d 314 (1972), and in view of the facts as presented, defendant's motion to dismiss the claim for punitive damages is granted.

The overwhelming majority of jurisdictions do not allow the recovery of punitive damages in a breach of contract action absent exceptional circumstances. Annot., 47 A.L.R.3d 314 at § 14. The cases reveal that a mere refusal to pay, absent tortious conduct that could be categorized as wilful, wanton or malicious, will not justify an award of punitive damages. The record reveals no allegations of tortious conduct by the defendant insurer other than the refusal to pay the claim.

Plaintiff urges the court to extend Judge Blatt's ruling in the *Robertsen* case, wherein he ruled that a cause of action in tort would be recognized for an insurer's bad faith refusal to pay mandatory first party "Personal Injury Protection" benefits. Judge Chapman emphasized in the *Wilkie* case that at the time of Judge Blatt's order first party automobile personal injury pro-

tection coverage was mandatory. S.C. Code Ann. § 56–11–110 (1976), *as amended by* Act No. 88, [1979] S.C. Acts and Joint Resolutions 166–67 (effective June 1, 1979), *codified* at S.C. Code Ann. § 56–11–110 (1979 Cum. Supp.). The coverage at issue in *Wilkie* and in the instant case is purely voluntary, being based upon a contract between the parties. As set forth in *Wilkie,* "In *Robertsen* the Court was seeking to protect private rights in insurance coverage required by an act of the General Assembly. The present plaintiff would extend this rationale to find that the state court would create a new right under a voluntary contract of disability insurance. This Court cannot agree, and will not so extend *Robertsen.*" *Wilkie* at 898. Plaintiff strongly contends that the South Carolina Supreme Court would, in fact, create a new cause of action for the bad faith refusal to pay under a voluntary contract of insurance should the circumstances merit such an action. In support of the asserted willingness of the supreme court to adopt new causes of action, plaintiff cites, among others, the recent South Carolina case of *Ford v. Hutson,* S.C., 276 S.E.2d 776 (1981), wherein the supreme court adopted the widely recognized cause of action for the intentional infliction of mental distress. The cause of action for bad faith breach of contract is recognized only in a very few jurisdictions and this court would question the supreme court's willingness to adopt such a cause of action.

In view of the closer analogy of *Wilkie* to the plaintiff's case, the specific situation of mandatory insurance that *Robertsen* involved and the overwhelming authority which would deny recovery of punitive damages for breach of an insurance contract, defendant's motion to dismiss the claim for punitive damages is granted.

IT IS SO ORDERED.